UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

UNITED STATES OF AMERICA,      )
                               )
v.                             )          CR425-056-006
                               )
AMIR DOUGLAS,                  )
                               )
        Defendant.             )

## ORDER

Defendant Amir Douglas is charged, along with numerous co-defendants, on multiple counts of conspiracy arising from an alleged criminal enterprise. *See generally* doc. 3 (Indictment). He has moved for approval to expend $3,000 to retain the paralegal services of Mr. Don Taylor. *See* doc. 917 at 1. For the reasons discussed below, Douglas' request is **GRANTED**. Doc. 917.

The Criminal Justice Act (CJA) authorizes courts to approve expenditures for retention of expert services, "[u]pon finding, after appropriate inquiry in an ex parte proceeding, that the services are necessary and that the person is financially unable to obtain them . . . ." 18 U.S.C. § 3006A(e)(1). In that respect, "[t]he key balancing on a CJA request is concerned with the cost of the requested services in light of its

1

reasonably expected benefit to the defendant. In other words, would a retained counsel representing an adequately financed defendant reasonably expend the client's monies for these services." *United States v. Salyer*, 2011 WL 1466887, at \*10 (E.D. Cal. Apr. 18, 2011) (cite omitted). The CJA also establishes that such expenditures "shall not exceed $2,400, exclusive of reimbursement for expenses reasonably incurred, unless payment in excess of that limit is certified by the court . . . and the amount of the excess payment is approved by the chief judge of the circuit," or his designee. 18 U.S.C. § 3006A(e)(3). The maximum amount is adjustable, *see* 18 U.S.C. § 3006A(e)(5), and CJA regulations indicate that the limit currently stands at $3,000 for expert services provided after January 1, 2024. *See Criminal Justice Act Guidelines* § 310.20.10, *available at* https://www.uscourts.gov/rules-policies/judiciary-policies/cja-guidelines/chapter-3-ss-310-general.

Douglas' Motion explains that he seeks to retain Mr. Taylor to help Douglas' counsel review the extensive discovery in this matter and formulate lines of investigation and defenses. Doc. 917 at 1-2. The Motion shows that Mr. Taylor is an experienced paralegal and investigator who has considerable experience representing defendants

2

charged with gang-related crimes and operating in federal court generally. *Id.* Additionally, it identifies his extensive experience with the criminal justice system, as Mr. Taylor was wrongfully convicted and served 17 years in prison before his sentence was vacated. *Id.* The Motion indicates that Mr. Taylor's experience with the criminal justice will assist Douglas' counsel in developing Douglas' defense. *Id.* Finally, the Motion establishes Mr. Taylor's extensive qualifications, *see id.*; *see also* doc. 917-1, and discloses that his hourly rate is reasonable, *see id.* at 3 (disclosing a $75 hourly rate).

Based on the Motion's showing, the Court is satisfied that the proposed services are necessary to the defense. The Court, therefore, **GRANTS** Douglas' Motion to Authorize Paralegal Expenses. Doc. 917.

**SO ORDERED**, this 17th day of June, 2026.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

3